UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Taylor Forge Engineered Systems, Inc.,   Case No. 3:25-cv-1876

        Plaintiff,

   v.   ORDER

Hause Machines, Inc.,

        Defendant.

On September 8, 2025, Plaintiff Taylor Forge Engineered Systems, Inc. invoked this Court's diversity jurisdiction when filing this action. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Plaintiff states only the principal place of business of itself and Defendant Hause Machines, Inc. (*See* Doc. No. 1 at 3). Plaintiff fails to state the place of incorporation of either party.[1] Without this information, I cannot verify complete diversity exists and conclude this Court's diversity jurisdiction was properly invoked.

---

[1] As an aside, I note that the Ohio Secretary of State website indicates a "Hause Machines, Inc." was dissolved in 2014. It also provides that "Hause Machines" is an active Registered Trade Name of

To maintain this case in federal court, Plaintiff must supplement the Complaint by filing an affidavit of jurisdiction which includes the place of incorporation of both parties on or before November 14, 2025. *See* Fed. R. Civ. P. 12(h)(3).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

"NextGen Machines, LLC." If Defendant is, in fact, an LLC rather than a corporation, the affidavit of jurisdiction must identify each member and sub-member of the LLC, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Plaintiff must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations). *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").